UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs                                                       Case No: 10-20036
                                                      Honorable Victoria A. Roberts

MICHAEL CORLEY,

    Defendant.
_____/

## ORDER

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

This matter is before the Court on Defendant Michael Corley's "Motion for Evidentiary Hearing to Suppress Illegally Seized Evidence Pursuant to an Invalid Search Warrant." (Doc. #13).

On June 3, 2010, the Court referred this motion to Magistrate Judge R. Steven Whalen for a Report and Recommendation ("R&R"). The Magistrate Judge set a hearing for June 15, 2010, but neither Corley nor his attorney appeared.

On June 22, 2010, the Magistrate Judge filed an R&R, recommending that the Court DENY Corley's motion.

Corley filed objections on July 2, 2010. The Government did not respond.

For the reasons stated, the Magistrate Judge's R&R is **ADOPTED**, and Corley's motion is **DENIED**.

**II.    BACKGROUND**

1

### A. Search Warrant

On August 21, 2009, law enforcement officers executed a search warrant at 20044 Ashton Street, Corley's home, and the place where Corley allegedly sold marijuana. The warrant was based on the affidavit of Special Agent Darren Wilson.

The officers seized three firearms; 2,801 grams of marijuana; digital scales; and packaging material.

### B. Magistrate Judge's Findings

Corley seeks to suppress this evidence. He argues that SA Wilson lacked probable cause to believe evidence of drug activity would be found at the Ashton Street address because: (1) the Affidavit does not contain information that narcotics or contraband would be found at the Ashton address; (2) the Affidavit lacks sufficient facts regarding the confidential source's reliability or credibility; (3) the Affidavit does not assert facts indicating ongoing criminal activity; and (4) the good-faith exception to the exclusionary rule does not apply.

The Magistrate Judge recommends that Corley's motion be denied. He says: (1) SA Wilson provided sufficient corroboration of the confidential source's claim that Corley sold marijuana out of his Ashton Street home; and (2) the confidential source's controlled purchase supports a finding that evidence of marijuana sales would be found at the Ashton Street address. The Magistrate Judge also discusses whether the search warrant for 19205 Biltmore Street was valid, but Corley does not challenge that search warrant.

### C. Corley's Objections

Corley objects to these findings. He says: (1) the Affidavit did not establish probable cause to search the Ashton Street address because the information was stale; and (2) the good faith exception to the exclusionary rule does not apply.

## III.  APPLICABLE LAW AND ANALYSIS

### A.  Probable Cause

To demonstrate probable cause to justify the issuance of a search warrant, an affidavit must contain facts that indicate "a 'fair probability,' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Loggins*, 777 F.2d 336, 338 (6th Cir. 1985) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). The magistrate's determination of probable cause is afforded great deference. *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1969)). "[S]o long as the magistrate had a 'substantial basis . . . for conclud[ing]' that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more." *Gates*, 462 U.S. at 236 (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)). Indeed, doubtful cases should be largely determined by the preference to be accorded warrants. *United States v. Ventresca*, 380 U.S. 102, 108-09 (1965) (citing *Jones v. United States*, 362 U.S. 257, 270 (1960)).

Nonetheless, "[s]ufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others." *Gates*, 462 U.S. at 239.

A review of the papers filed reveals that law enforcement agents observed Corley leave the Biltmore Street address, and then go to the Ashton Street address for the controlled purchase of marijuana by the confidential source. According to that source, the Biltmore Street address is the house where Corley stores his marijuana, not the Ashton street address.

The most significant allegation in SA Wilson's Affidavit that connects marijuana with the Ashton Street address is:

> Corley was observed coming out [of the Ashton Street address] to the Silver Cadillac and getting in the passenger side of the vehicle with a light brown plastic grocery bag. This grocery bag appeared to be full of several bulky items and he was carrying this behind his back looking up and down the street while he approached the Silver Cadillac.

The Court finds this allegation is not sufficient for the issuing magistrate to have concluded that there was a fair probability that marijuana would be found at the Ashton Street address. There is no evidence that the "bulky items" were marijuana. The remaining allegations in the Affidavit lead to the conclusion that Corley stored marijuana at the Biltmore Street address, obtained the amount of marijuana he needed for a sale from the Biltmore Street address, and sold the marijuana from the Ashton Street address.

The Court finds SA Wilson's Affidavit lacks probable cause to believe marijuana would be found at the Ashton Street address.

**B.  Good-Faith Exception**

The "good faith" exception established in *United States v. Leon*, 468 U.S. 897 (1984) says evidence is admissible – although the search warrant lacked probable cause – if the agents performed the search in reasonable, good-faith reliance on the

search warrant.  *Leon*, 468 U.S. at 913.

There are four circumstances where the good-faith exception does not apply: (1) the issuing magistrate was misled by information in an affidavit that the affiant knew was false, or would have known was false except for his reckless disregard for the truth; (2) the issuing magistrate wholly abandoned his judicial role; (3) the affidavit was so lacking of probable cause to render official belief in its existence entirely unreasonable; and (4) the warrant failed to particularize the place to be searched or the things to be seized. *See United States v. Weaver*, 99 F.3d 1372, 1380 (6th Cir. 1996).

Corley says SA Wilson's Affidavit is so lacking in probable cause that belief in its existence was unreasonable.

Affidavits that are "so lacking in indicia of probable cause" only contain "suspicions, beliefs, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge[.]" *United States v. Laughton*, 409 F.3d 744, 748 (6th Cir. 2005) (quoting *Weaver*, 99 F.3d at 1378).  To determine whether an affidavit is "so lacking in indicia of probable cause," the Court uses a less demanding showing than the "substantial basis" threshold required to prove the existence of probable cause in the first place.  *See Laughton*, 409 F.3d at 748 (quoting *United States v. Carpenter*, 360 F.3d 591, 595 (6th Cir. 2004)).  The question is whether a "reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization." *United States v. Frazier*, 423 F.3d 526, 536 (6th Cir. 2005) (quoting *Weaver*, 99 F.3d at 1380).

SA Wilson's Affidavit is not completely devoid of any nexus between the Ashton Street address and marijuana.  The confidential source did purchase marijuana from the

Ashton Street address in July 2009. And, Corley did not necessarily have to go to the Biltmore address before the controlled purchase to obtain the marijuana needed for the confidential source; he could have had the marijuana he needed for the purchase at the Ashton Street address.

In addition, the totality of the circumstances could lead a reasonably well-trained officer to believe marijuana was in the light brown plastic grocery bag that Corley took from the Ashton Street address to the Biltmore address on August 20, 2009; a reasonably well-trained officer could believe Corley kept marijuana at the Ashton Street address until he could drop it off at the stash house (Biltmore address).

## IV. CONCLUSION

The Court **ADOPTS** the Magistrate Judge's R&R, with the exception of his conclusion that the search warrant was supported by probable cause. The good-faith exception applies, and Corley's motion is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: August 18, 2010

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 18, 2010.

s/Carol A. Pinegar  
Deputy Clerk

---